Exhibit B

Civil Action No. _____

Date Filed _____

| | |
|---|---|
| Superior Court | ☒ |
| State Court | ☐ |

Georgia, MUSCOGEE COUNTY
HARRIS

**Attorney's Address**

Christopher L. Meacham
Meacham & Earley, P.C.
5704 Veterans Parkway
Columbus, Georgia 31904

Kalina Davis
_____
**Plaintiff**

VS.

Callaway Gardens Resort, Inc.
_____

**Name and Address of Party to be Served**

William R. Doyle, Registered Agent
_____

18718 US Hwy 27 (Callaway Gardens Resort)
_____

Pine Mountain, GA 31822
_____

_____
**Defendant**

_____

_____
**Garnishee**

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant William Doyle _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of Tony Cape (Director of Loss Prevention) described as follows
age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION** ☐

Served the defendant _____ a corporation

by leaving a copy of the within action and summons with _____
in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _____ 20 _____ day of _____ Dec _____, 20 _____ 17.

_____
**DEPUTY**

SHERIFF DOCKET_____ PAGE _____

_____
MUSCOGEE COUNTY, GEORGIA
HARRIS

WHITE: Clerk    CANARY: Plaintiff Attorney    PINK: Defendant

SC-2 Rev.85

IN THE SUPERIOR COURT OF HARRIS COUNTY
STATE OF GEORGIA

FILED IN OFFICE
CLERK OF SUPERIOR COURT

KALINA DAVIS,                    *
                                 *        2017 DEC 19  P 4: 17
              Plaintiff,         *
                                 *        STACY K. HARALSON, CLERK
vs.                              *             HARRIS CO. GA.
                                 *   CIVIL ACTION FILE NO:
                                 *   _____
CALLAWAY GARDENS RESORT,         *
INC.,                            *
              Defendant,         *
                                 *

## SUMMONS

**TO THE ABOVE NAMED DEFENDANTS:**

You are hereby summoned and required to file with the Clerk of said court and serve

upon the Plaintiff's attorney, whose name and address is:

**CHRISTOPHER L. MEACHAM
MEACHAM & EARLEY, P.C.
PO Box 9031
COLUMBUS, GA 31908-9031
(706) 576-4064**

an answer to the complaint which is herewith served upon you, within 30 days after service of

this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default

will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 2017.


_____
Clerk/Deputy Clerk

IN THE SUPERIOR COURT OF HARRIS COUNTY FILED IN OFFICE
STATE OF GEORGIA CLERK OF SUPERIOR COURT

| | | |
|---|---|---|
| **KALINA DAVIS,** | * | 2011 DEC 19 P 4: 17 |
| | * | |
| **Plaintiff,** | * | STACY K. HARALSON, CLERK<br>**CIVIL ACTION FILE NO:** COUNTY, GA. |
| **vs.** | * | |
| | * | _____ |
| **CALLAWAY GARDENS RESORT,** | * | |
| **INC.,** | * | |
| **Defendant,** | * | |
| | * | |

## COMPLAINT

**COMES NOW,** KALINA DAVIS, the Plaintiff, by and through her undersigned attorneys of record, and file this Complaint against CALLAWAY GARDENS RESORT, INC. (hereinafter "Callaway Gardens") a Corporation incorporated in the State of Georgia and respectfully shows unto this Honorable Court as follows:

**1.**

Plaintiff Kalina Davis (hereafter "Plaintiff") is a resident of the State of Georgia and submits herself to the Venue and Jurisdiction of this Honorable Court.

**2.**

The Defendant, Callaway Gardens, is a Corporation incorporated in the State of Georgia. Callaway Gardens is currently transacting business in the jurisdiction and venue of this Court, and service may be perfected upon its Registered Agent, William R. Doyle, III, at the following address: 18718 US Hwy 27, Pine Mountain, Georgia 31822.

**3.**

Callaway Gardens is located at 4500 Southern Pine Drive, Pine Mountain, Georgia 31822.

**4.**

Based upon information and belief, at all material times relevant to this action Defendant Callaway Gardens was an enterprise covered by the Fair Labor Standards Act as defined by 29 U.S.C. § 201,et seq., (hereafter "FLSA"). Upon information and belief, Callaway Gardens had an annual business dollar volume of approximately $25,000,000.00.

**5.**

This action is brought pursuant to the FLSA to recover from the Defendants overtime compensation, liquidated damages, reasonable attorneys' fees and costs. This Court also has authority to grant declaratory relief under the FLSA pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

**6.**

Plaintiff was employed by Callaway Gardens as a Sales Manager of the Callaway Gardens Sales Department, and acted as a full time employee at all times relevant to this Complaint. Plaintiff was not an exempt employee under the FLSA.

**7.**

Plaintiff was individually covered by the FLSA as she performed work for and at the direction of Defendant.

**8.**

As part of her employment Plaintiff was hired by Defendant to sell and book convention, vacation, and/or total occupancy packages for 45 to 55 hours per week, any days of the week and routinely worked over 55 hours per week. Plaintiff's duties included telephonic contact with potential customers, finalize details of visitation, meet with customers upon arrival and provide any assistance needed during the customer's stay at the Callaway Gardens resort. During the

thirty (30) day Christmas holiday season Plaintiff assisted event staff after normal business hours loading passengers onto trams, serving as an event coordinator, and performing routine tasks to facilitate an enjoyable event. Holiday event assistance often included 5-6 hours overtime daily and weekends in addition to normal duties.

9.

Plaintiff was titled as a Sales Manager; however, she did not have any executive, administrative, professional or outside sales duties or responsibilities. In fact, she was clearly treated as a regular employee subject to management direction within the Sales Department of Callaway Gardens.

10.

Plaintiff shows that during her employment for Defendant Callaway Gardens she received a salary wage for all duties and responsibilities to which she was assigned. Plaintiff was paid by Defendants as follows:

**10.1**   An annual salary of $39,500.00 for 78 weeks of employment.

**10.2**   An annual salary of $40,500.00 for 26 weeks of employment.

Plaintiff received the following hourly wages during her employment:

**10.3**   Approximately $19.36 per hour or $1,645.83 biweekly from June, 2015 through December, 2016.

**10.4**   Approximately $19.85 per hour or $1687.50 biweekly from January, 2017 through June, 2017.

11.

Plaintiff was economically dependent upon Defendant, as she had no investment in the business or any other employment relationships outside of Callaway Gardens.

**12.**

Upon information and belief, the records concerning the number of hours worked and amounts paid to Plaintiff are in the possession, custody, and control of Defendant, Callaway Gardens. Plaintiff shows, however, that she customarily worked 55 hours per week as reflected in her personal records and employment contract in addition to multiple overtime during holiday special events.

## CAUSES OF ACTION

### COUNT I – RECOVERY OF UNPAID OVERTIME WAGES

**13.**

Plaintiff adopts and realleges paragraphs one through thirteen of the Complaint herein and incorporates such paragraphs as if restated herein.

**14.**

Pursuant to the FLSA, employees falling under the FLSA's purview are entitled to receive overtime wages of one and one-half times their normal hourly wages for every hour worked in excess of 40 hours in a given week as defined in the FLSA.

**15.**

Plaintiff shows that during her employment with Defendant, she always worked in excess of 40 hours per week as noted in her job description provided at the time of initial employment. Plaintiff was never compensated, however, for hours worked in excess of 40 hours per week in accordance with the FLSA.

that under OCGA 13-6-11 Plaintiff may receive, as part of the damages, an amount for the expenses of litigation to be proved in open court.

*WHEREFORE*, Plaintiff respectfully prays unto this Honorable Court as follows:

(a)     That process issue and Defendants be served according to law;

(b)     That Plaintiff be awarded her overtime wages in an amount of Ninety-One Thousand One-Hundred and Eighty-One Dollars and No/100 ($91,181.00) pursuant to the FLSA, 29 U.S.C. § 207;

(c)     That Plaintiff be awarded liquidated damages in the amount of Ninety-One Thousand One-Hundred and Eighty-One Dollars and No/100 ($91,181.00) or an amount to be proved at trial for Defendant's willful violation of the FLSA and in accordance with 29 U.S.C. § 216(b);

(d)     That Plaintiff be awarded her attorney's fees and expenses of litigation, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);

(e)     That Plaintiff be granted such other, further, and different relief this Honorable Court deems just, these premises considered.

Respectfully submitted this *19th* day of *December*, 2017.

                                   MEACHAM & EARLEY, P.C.

                                   Christopher L. Meacham
                                   Attorney for Plaintiff
                                   Georgia Bar No. 500050

MEACHAM & EARLEY, P.C.
5704 Veterans Parkway
P. O. Box 9031
Columbus, GA 31908
(706) 576-4064